# EXHIBIT 1

IN THE CIRCUIT COURT, OF THE
FOURTH JUDICIAL CIRCUIT IN AND
FOR DUVAL COUNTY, FLORIDA.

CASE NO.: 16-2018-CA-000023
DIVISION: CV-H

LOIS SCHENCK
    Plaintiff(s),
vs.

WINDHAVEN INSURANCE COMPANY,
    Defendant(s).

### ORDER ON MOTION TO DISMISS

**THIS CAUSE** came on to be heard at the June 28, 2018 hearing on the Defendant's Motion to Dismiss Class Action Complaint, as filed with the Clerk on March 5, 2018, and this Court, having taken judicial notice of the court file per *Section 90.202(6), Florida Evidence Code*, and having read Plaintiff's Response in Opposition to Defendant's Motion to Dismiss Class Action Complaint, as filed with the Clerk on June 18, 2018, and having heard argument of counsel and being otherwise fully advised of the premises therein, makes the following findings of fact and conclusions of law:

1. The one count Complaint is for breach of contract. According to the Plaintiff, the Plaintiff suffered a total loss of her vehicle. As a consequence, the Defendant made a corresponding payment for what it considered the covered total loss value. However, the Defendant has not paid any amount for sales tax, title transfer fees, or license plate fees which the Complaint alleges are due and owing under the policy. Consequently, the Plaintiff has sued the Defendant individually and on behalf of a putative class of insureds contending that the Defendant failed to pay the full coverage amounts to the class due under the policy

on their insured total loss vehicles. The policy at issue is incorporated into the Complaint, by reference.

2. When evaluating a Motion to Dismiss, the Court is limited to examining the four corners of the document and incorporated exhibits, while accepting the factual allegations as true. In *Inlet Beach Capital Investments, LLC v. Enclave at Inlet Beach Owners Association, Inc., 236 So3d 1140 (Fla. 1st DCA 2018)*. A breach of contract action must not be dismissed unless it "...*clearly appears as a matter of law that the contract cannot support the action alleged*". *Lonestar Alternative Solutions, Inc. v. Leview-Boymelgreen Soleil Developers, LLC, 10 So3d 1169 (Fla. 3rd DCA 2009)*. When evaluating the coverage clauses of an insurance contract, they must be construed broadly and in favor of the insured. *Hudson v. Prudential Property and Casualty Insurance Company, 450 So2d 565 (Fla. 2nd DCA 1984)*. Interpreting the terms of an insurance contract begins with the plain meaning of the policy. *Swire Pac. Holdings, Inc. v. Zurich Insurance Company, 845 So2d 161 (Fla. 2003)*. However, if the language at issue can be interpreted in more than one way as to coverage, the policy is ambiguous and is to be construed in favor of the insured. *Auto-Owners Insurance Company v. Anderson, 756 So2d 29 (Fla. 2000)*.

3. The Defendant does not dispute that the policy at issue requires coverage for actual cash value. There is no specific provision in the policy that requires the Plaintiff to actually purchase a replacement vehicle to receive payment, including sales tax, for the total loss. Furthermore, the Defendant does not deny that the policy

requires payment for sales tax when the loss is paid in money. While the policy does not define actual cash value, it is the cost to replace the item minus any depreciation. *Trinidad v. Florida Peninsular Insurance Company,* 121 So3d 433 (Fla. 2013). Even so, the Defendant asserts that the dismissal is proper because *Section 626.9743, Florida Statutes*, permits the Defendant to withhold sales tax until the insured actually purchases a replacement vehicle. Furthermore, the Defendant asserts that the policy does not require the payment of title transfer fees on claims at issue, that claims based on hypothetical as to what the Defendant would have done is improper, that Plaintiff did not properly plead class allegations in compliance with applicable rules of civil procedure, that the Complaint's reference to *"injunctive relief"* should be stricken because this is an actual breach of contract action, and asserts that claims for supplemental relief and restitution should be stricken. The Plaintiff does not oppose dismissal of the claims for supplemental relief and restitution nor does it oppose the claim for dismissal of the injunctive relief count, without prejudice.

4. The Defendant asserts that *Section 626.9743(9), Florida Statutes*, overrides any policy language and allows the Defendant to condition payment of the sales tax on the insured's actual purchase of a replacement vehicle. *Section 626.9743(5)(a) through (d), Florida Statutes*, provides multiple options for the insurer to pay sales tax pursuant to coverage for actual cash value. The Defendant asserts a right under *Section 626.9743(5)(a) and (9), Florida Statutes*, contending that it *"may"* cover

a total loss by "*cash settlement based on the cost to purchase a comparable motor vehicle, including sales tax, if applicable, pursuant to subsection (9)...*" which further provides that "*if sales tax will necessarily be incurred by a claimant upon replacement of a total loss... the insurer may defer payment of the sales tax... until the obligation has actually been incurred*". The use of the term "*may*" makes the foregoing statute permissive. There is a distinction between mandatory and permissive statutory provisions under Florida law such that permissive subsections must be expressly incorporated into the policy to be applicable. <u>Geico General Insurance Company v. Virtual Imaging Services, Inc.</u>, *141 So3d 147 (Fla. 2013)*. Non-mandatory permissive statutory provisions must be written into the policy and are not automatically incorporated by law. The policy does not include the coverage limiting terms of **Section 626.9743(9), Florida Statutes**. Thus, the foregoing statutory provision does not permit the Defendant to condition the payment of sales tax on Plaintiff's purchase of a replacement vehicle. Because **Section 626.9743(9), Florida Statutes,** is inapplicable, the plain language of the policy requires that sales tax be included in the total loss payment. If the Plaintiff never purchases a vehicle, it would reduce coverage provided under the policy, constituting an extra contractual condition that is unenforceable. <u>Cook v. Cook</u>, *94 So3d 683 (Fla. 4th DCA 2012)*.

5. While sales tax is specifically referenced in the policy at issue, other costs allegedly associated with purchase are not. Nothing in the insurance contract entitles the Plaintiff to title transfer fees and license plate

transfer fees. While the "*cost to replace*" the property is synonymous with "*actual cash value*", the vehicle can be replaced without the payment of title transfer fees and license transfer fees, although it may not be legally operated. Thus, under the policy, the actual cash value is the purchase price of new vehicle, plus the payment of applicable sales tax.

6. With respect to allegations that Plaintiff's claims are hypothetical, this Court finds that the Plaintiff has alleged a contract, a breach of that agreement, and resulting damages. ***Abruzzo v. Haller, 603 So2d 1338 (Fla. 1st DCA 1992)***. The Plaintiff has alleged that the refusal to pay sales tax constitutes a material breach of a valid contract, resulting in damage. Consequently, this Court finds the Plaintiff's breach of contract claim is not hypothetical.

7. The Defendant's Motion to Dismiss based on class action allegations, pursuant to ***Rule 1.220, Florida Rules of Civil Procedure***, are decisions appropriate for the class certification stage of litigation. The challenge is currently unripe. It is, therefore,

**ORDERED AND ADJUDGED:**

1. The Defendant's Motion to Dismiss Class Action Complaint, as filed with the Clerk on March 5, 2018, is hereby **GRANTED, *in part***, without prejudice and with leave to amend, consistent with the foregoing findings of fact and conclusions of law.

2. The Defendant's Motion to Dismiss Class Action Complaint, as filed with the Clerk on March 5, 2018, is hereby respectfully **DENIED, in part**, consistent with the foregoing findings of fact and conclusions of law.

3. The Plaintiff shall serve and file any Amended Complaint **on or before the thirtieth (30th) day** from the date of entry of this Order.

**DONE AND ORDERED** in chambers at Jacksonville, Duval County, Florida this 17th day of December, 2018.

_____
KEVIN A. BLAZS
CIRCUIT COURT JUDGE

Copies To:
Tracy L. Markham, Esquire, tlm@avoliohanlonfl.com
Christopher Hall, Esquire, chall@hallandlampros.com
Bradley Pratt, Esquire, bradley@prattclay.com
Cindy Laquidara, Esquire, cindy.laquidara@akerman.com
Marcy Aldrich, Esquire, marcy.aldrich@akerman.com