IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**CLEONDENISE BODERICK,**
**individually and on behalf of all those**
**similarly situated,**

    **Plaintiff,**

v.                                             Case No. 4:19-cv-158-AW-MJF

**GEICO INDEMNITY COMPANY,**

    **Defendant.**
_____/

## ORDER DENYING WITHOUT PREJUDICE THE PARTIES' JOINT MOTION FOR ENTRY OF STIPULATED CONFIDENTIALITY ORDER

The parties in this putative class action filed a joint motion for entry of stipulated confidentiality order. ECF No. 30. The stipulated order provides, in part, that:

> If Confidential Material is used and disclosed at a deposition, hearing or other proceeding, any person or entity, its officers, employees and agents not entitled to Confidential Material shall be precluded from attending that portion of the deposition, hearing or other proceeding in which Confidential Material shall be used and disclosed. In addition, the portion of the deposition, hearing or other proceeding transcript containing the Confidential Material shall not be disclosed to any person or entity, its officers, employees or agents not entitled to access to said Confidential Material.

ECF No. 30-1, ¶ 6.

Although perhaps intended otherwise, the stipulated confidentiality order as drafted would require the Court to close all proceedings and seal any portions of the

1

record that reference material a party has deemed confidential—even if the purported confidential material is presented in connection with dispositive pretrial motions. Sealing this material from the public requires more than just an agreement between the parties. *See R&G Mortg. Corp. v. Fed. Home Loan Mortg. Corp.*, 584 F.3d 1, 12 (1st Cir. 2009); *see also Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1312-13 (11th Cir. 2001) (noting that although "material filed with discovery motions is not subject to the common-law right of access . . . discovery material filed in connection with pretrial motions that require judicial resolution of the merits is subject to the common-law right," which requires balancing of interests).

Accordingly, the parties' joint motion for entry of a stipulated confidentiality order is DENIED without prejudice. The parties may refile the motion with an amended stipulated confidentiality order that omits (or sufficiently amends) the language quoted above.

SO ORDERED on August 1, 2019.

                                                    s/ *Allen Winsor*
                                                    United States District Judge