UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**CLEONDENISE BODERICK**, Individually, and
on behalf of all those similarly situated,

    Plaintiff,

v.                                                      Case No.: 4:19cv158-AW/MJF

**GEICO INDEMNITY COMPANY,**         **CLASS REPRESENTATION**

    Defendant.

**PLAINTIFF'S FIRST AMENDED CLASS
ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

    Plaintiff, **CLEONDENISE BODERICK** ("Boderick"), individually, and on behalf of all those similarly situated, files this First Amended Class Action Complaint against Defendant, **GEICO INDEMNITY COMPANY** ("GEICO"), and alleges as follows:

**Introduction**

    1.    GEICO insures all its Florida individual automobile insurance policyholders using the identical Form A-30FL (03-11) policy form (the "Policy"). The Collision and Comprehensive coverages of the Policy, on their face, and as amended to conform with Fla. Stat. § 626.9743(5) (if necessary), allow Travelers to adjust and settle a first-party motor vehicle total loss via a cash payment based upon the actual cost to purchase a comparable motor vehicle.

    2.    GEICO purports to adjust and settle the total loss claims of all its Florida policyholders in this manner, but it does not do so in reality, thereby breaching the Policy as to all of them.

3. GEICO breaches the Policy and violates Florida law by failing to include in its cash payments the minimum $83.25 in fees charged by the State of Florida in connection with the transfer of title and license to a new vehicle and the dealer/administrative/document fees for the costs and profit to the dealer for items such as inspecting, cleaning and adjusting vehicles and preparing documents related to the sale, which fees are required to be disclosed by Fla. Stat. §§ 501.976(11) and 520.02(2) and Fla. Admin. Code § 69V-50.001 and are charged by every used car dealer in Florida (the "dealer fees"). Those fees constitute part of the "actual cost to purchase a comparable motor vehicle" under § 626.9743(5)(a), just like sales tax, and fall within the Policy's definition of "actual cash value," so they must be paid pursuant to the Policy and § 626.9743(5). GEICO's failure to pay these fees additionally damages by hundreds of dollars all its Florida policyholders who suffer total losses.

4. On behalf of herself and a class of similarly situated Florida GEICO automobile insurance policyholders, Boderick brings causes of action for breach of contract to recover the damages they suffered as a result of GEICO's refusal to pay dealer fees and title/license fees.

5. In conjunction with these breach of contract causes of action, Boderick seeks to recover the reasonable attorneys' fees and costs required to prosecute them.

### Jurisdiction, Parties, Venue

6. This is an action asserting class claims for declaratory relief and damages pursuant to Rule 23(b)(1) and/or (3), Federal Rules of Civil Procedure.

7. This Court has jurisdiction following removal by GEICO under 28 U.S.C. §1446(d) as the parties are diverse from different states and the amount in controversy is greated than $75,000.00.

8. Plaintiff, Cleondenise Boderick, is and at all material times has been, a resident of Florida and insured by GEICO.

9. GEICO is a Maryland corporation with its principal place of business in Maryland registered to do and doing business in Florida as a Foreign Profit Corporation. At all times material hereto, GEICO was in the business of selling automobile insurance and adjusting and settling automobile insurance claims, including the sale of Collision and Comprehensive coverages and adjustment and settlement of first-party total loss claims under those coverages.

10. Venue is proper as the case was originally filed in Leon County, Florida, because GEICO is a Foreign Profit Corporation, and it has offices for the transaction of, and agents transacting, its customary business in Leon County.

11. All conditions precedent to the maintenance of this action have occurred, have been performed, have been waived, or GEICO is estopped from asserting them

### Factual Allegations Common to Boderick and the Class

12. GEICO insures all its Florida individual automobile insurance policyholders using the identical Form A-30FL (03-11) (the "Policy"), and it has done so since August 2011. The Policy provides, in pertinent part, as follows:

### SECTION III - PHYSICAL DAMAGE COVERAGES

### Your Protection for Loss or Damage to Your Car

**DEFINITIONS**

The definitions of the terms **auto business, farm auto, non-owned auto, private passenger auto, relative, temporary substitute auto, utility auto, you, your**, and **war** under Section I apply to Section III also. Under this Section, the following special definitions apply:

1. **Actual cash value** is the replacement cost of the auto or property less depreciation or betterment.

2. **Betterment** is improvement of the auto or property to a value greater than its pre-loss condition.

3. **Collision** means loss caused by upset of the covered auto or its collision with another object, including an attached vehicle.

4. **Comprehensive** means **loss** caused other than by **collision** and includes the following causes:
    (a)    Missiles:
    (b)    Falling objects;
    (c)    Fire;
    (d)    Lightning;
    (e)    Theft;
    (f)    Larceny;
    (g)    Explosion;
    (h)    Earthquake;
    (i)    Windstorm;
    (j)    Hail;
    (k)    Water;
    (l)    Flood;
    (m)    Malicious mischief;
    (n)    Vandalism;
    (o)    Riot;
    (p)    Civil commotion; or
    (q)    Colliding with a bird or animal.

6. **Depreciation** means a decease or loss in value to the auto or property because of use, disuse, physical wear and tear, age, outdatedness, or other causes.

8. **Loss** means direct and accidental loss of or damage to:
    (a)    An owned or non-owned auto, including its equipment; or
    (b)    Other property insured under this section.

…

LOSSES WE WILL PAY

**Comprehensive (Excluding Collision)**

**1.** We will pay for each **loss**, less the applicable deductible, caused other than by **collision** to the **owned** or **non-owned auto**.

…

**Collision**

1. We will pay for **collision loss** to the **owned auto** for the amount of each **loss** less the applicable deductible and to the **non-owned auto** for the amount of each **loss** less the applicable deductible when driven by **you** or a **relative**.

…

**LIMIT OF LIABILITY**

The limit of our liability for loss:

1. Is the actual cash value of the property at the time of the loss;

…

5. For custom parts or equipment is limited to the actual cash value of the custom parts or equipment, not to exceed the actual cash value of the vehicle. **Actual cash value** or **betterment** of property will be determined at the time of the loss and will include an adjustment for **depreciation/betterment** and for the physical condition of the property.

…

**SECTION V- GENERAL CONDITIONS**

**These conditions apply to all coverages in this Policy**

…

17. **TERMS OF POLICY CONFORMED TO STATUTES**

Any terms of this policy in conflict with the statutes of Florida are amended to conform to those statutes.

13. Pursuant to the Limits of Liability for the Collison and Comprehensive coverages of the Policy and Fla. Stat. § 319.30, GEICO has the right when presented with a claim for damages to a vehicle where the cost to repair would be greater than its actual cash value minus its salvage value to declare the vehicle a total loss and pay the lesser actual cash value. Of course, when a vehicle is stolen, it is a total loss, and GEICO must pay the actual cash value.

14. When GEICO declares a vehicle a total loss, it must pay its insured the vehicle's actual cash value as defined in and pursuant to Fla. Stat. § 626.9743, because to the extent that the Policy on its face is in any way inconsistent with that statute, its own terms and Florida law compel that it be reformed to conform to the statute. Thus, if GEICO elects to pay a cash settlement, as it uniformly does, it must pay "the actual cost to purchase a comparable motor vehicle, including sales tax… ." Fla. Sta. § 626.9743(5)(a)(2)(a). This cash settlement is almost always paid before a policyholder purchases a replacement vehicle and its amount is independent of what the policyholder ends up spending, if anything. In fact, the policyholder may simply keep the cash settlement and never replace the total loss vehicle.

15. In Florida, the "actual cost to purchase a comparable vehicle" and its "retail cost" necessarily include numerous fees and taxes, including title transfer service fee of $2.50 and a $1.00 air pollution control fee (see Fla. Stat. §§ 319.32(1), 319.32(2)(a), 320.0609(2)(a), 320.04(1)(a) and 320.03(6)) ("title fees"). In the State of Florida, used motor vehicle dealers uniformly collect these amounts in connection with the sale, registration and titling of a used motor vehicle (see Fla. Stat. §§319.23(6)(a), 320.02(5)(a), and Rules 12A-1.077(8), Florida Administrative Code).

16. In addition, the "actual cost to purchase a comparable vehicle" and its "retail cost" includes dealer fees, because no used car dealer in the State of Florida will sell a vehicle without charging such dealer fees. Thus, the Policy as conformed to Fla. Stat. § 626.9743(5)(a) requires those fees to be paid upfront as part of the cash settlement. Likewise, the plain language of the Policy requires payment of these fees because it provides that "[a]**ctual cash value** is the replacement cost of the auto or property less depreciation or betterment," and replacement cost

includes all the costs of replacement, including these fees. Nevertheless, Geico uniformly refuses to pay title fees and dealer fees.

### Factual Allegations as to GEICO's Treatment of Boderick

17. On or about December 4, 2018, Boderick's vehicle ("Covered Vehicle"), a 2016 Hyundai Elantra, was involved in motor vehicle accident which rendered the vehicle a total loss. At that time, Boderick was a contracting party and named insured under the Policy issued by GEICO, which was in full force and effect.

18. On or about December 6, 2018, Boderick made a total loss claim with GEICO for payment on her Covered Vehicle. On December 6, 2018, GEICO affirmed Collision coverage for the Covered Vehicle as a total loss.

19. On December 6, 2018, under a cover letter of that date, GEICO sent Boderick a report claiming an "Adjusted Vehicle Value" of the Covered Vehicle of $10,187.00. This value represented a "Base Vehicle Value" of $9,631.00. Neither the cover letter nor the report contained an adjustment for or offered to pay title fees or dealer fees, specifically GEICO did not offer to pay the required $2.50 title transfer service fee, or the $1.00 air pollution control fee. A redacted copy of the December 6, 2018 cover letter and enclosed report is attached hereto as **Exhibit A**.

20. On January 25, 2019, on behalf of herself and all similarly situated GEICO Florida private automobile policyholders, Boderick served GEICO with a letter giving GEICO 30 days to, among other items not relevant to this litigation: (a) pay her title fees, and (b) pay her dealer fees. GEICO did not respond to that letter. A true and correct copy of the January 25, 2019 letter is attached hereto as **Exhibit B**.

**Class Action Allegations**

21. Pursuant to Rule 23(b)(1) and/or (3), she brings Counts I and II for breach of contract on her own behalf and on behalf of the Class defined below.

22. The Class consists of and is defined as all individuals who: (a) on or after March 8, 2014; (b) are or were covered by a GEICO Florida personal automobile insurance policy; (c) made a claim under the Collision or Comprehensive coverage of that policy for damage or loss to a covered vehicle which GEICO accepted and treated as a total loss claim; and (d) GEICO paid the claim or offered to pay the claim (which offer remains unaccepted) on a cash settlement basis without offering to pay the title fees and/or dealer fees (hereafter the "Class"). The class period will be from March 8, 2014, to the date of class certification (hereinafter the "Class Period").

23. Boderick reserves the right to amend the Class and/or add sub-class definitions as discovery proceeds and to conform to the evidence.

24. While the exact number of Class members is unknown at this time, Boderick submits, based upon his counsel's representation of automobile accident victims in Florida, that there are at least a thousand GEICO policyholders spread throughout the State of Florida who are potential Class members in this action. Accordingly, separate joinder of all Class members would be impracticable.

25. This action poses questions of law and fact that are common to and affect the rights of all members of the Class. Such questions of law and fact common to the Class include, but are not limited to, the following:

> a. Whether GEICO's refusal to pay dealer fees breaches the Policy and violates Florida law?

b. Whether GEICO's refusal to pay title fees breaches the Policy and violates Florida law?

c. Whether Boderick and the other Class members were damaged in the amount of the dealer fees GEICO refused to pay?

d. Whether Boderick and the other Class members were damaged in the amount of the title fees GEICO refused to pay?

e. Whether Boderick and the other Class members are entitled to recover reasonable attorneys' fees and costs in connection with the successful prosecution of their declaratory judgment and/or breach of contract causes of action?

26. Boderick's claims are typical of the claims of the other members of the Class, because they all arise out of the exact same policies and practices of GEICO and under the exact same theories of law.

27. Boderick will adequately represent the Class, because she and the undersigned counsel she has retained have no conflicts of interest with the other Class members, she is ready, willing and able to represent the Class, and the undersigned retained attorneys are very experienced class action practitioners with extensive experience in prosecuting class actions against automobile insurers.

28. Boderick's and the Class's breach of contract causes of action may be maintained as a class action pursuant to Rule 23(b)(1) because the prosecution of separate claims by individual Class members would create a risk of inconsistent or varying adjudications concerning individual members of the Class which would establish incompatible standards of conduct for GEICO.  For example, the court in one case might rule that GEICO must pay dealer fees while another might rule that it does not have to do so.  GEICO would be left in an untenable legal

limbo in such an event, because Florida law requires it to treat all insureds the same under similar circumstances.

29. Boderick's breach of contract causes of action may also be maintained as a class action pursuant to Rule 23(b)(3), because the questions of law or fact common to Boderick and the Class predominate over any questions of law or fact affecting only individual Class members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy. As demonstrated by paragraph 25 above, all the questions necessary for resolution of GEICO's liability to Boderick and the Class are common.

30. More specifically, a reasonable assumption for a cash settlement is that each Class member will necessarily incur a $2.50 title transfer service fee, and a $1.00 air pollution control fee, making all Class members entitled to recover the exact same $3.50 for GEICO's refusal to pay title fees. Boderick can also provide evidence of the average dealer fee in Florida, which amount can be awarded to every Class member for GEICO's refusal to pay dealer fees.

31. A class action is superior because the amounts recoverable by individual Class members are not sufficient to justify individual suits against a large corporation like GEICO which can be expected to vigorously defend every such suit as a matter of precedent. For that reason, Class members do not have a real interest in individually controlling their separate claims.  Further, the overwhelming majority of Class members do not even know they have such claims to sue over.  This is demonstrated by the fact that there do not appear be any pending individual suits against GEICO in Florida over these issues. Simply put, there are no alternatives to a class action to resolve this controversy.

32. Even if individual suits were feasible and likely to be filed, it would be highly inefficient, and a waste of the parties' and the court system's resources to repeatedly adjudicate

the same factual and legal issues. Plus, it could result in undesirable inconsistent adjudications as set forth above. Thus, it is highly desirable to concentrate the litigation in this forum, which is well equipped to resolve the controversy for all Class members and GEICO.

33. There are no unusual difficulties likely to be encountered in the management of this case as a class action. Florida law applies to all Class members' claims, and the legal issues are simple matters of statutory and contractual interpretation. All Class members are readily ascertainable from GEICO's records, including physical addresses and email addresses (in most cases), making the provision of notice routine. And, as previously explained, damages are easily and readily calculable for each Class member.

## Count I

## Class Action for Breach of Contract for Title Fees

34. Boderick and the Class re-allege and incorporate by reference Paragraphs 1-33 above.

35. The Policy constituted binding contacts between GEICO and Boderick and the other Class members. By its own terms and Florida law, to the extent the Policy's express terms regarding the adjustment and settlement of first-party motor vehicle total losses on the basis of actual cash value vary from the provisions of Fla. Stat. § 626.9743(5)(a), it is deemed reformed to conform with that statute.

36. As explained above, by refusing to pay Boderick and the Class the title fees they would presumptively incur, $3.50, GEICO breached the Policy. Such breach proximately injured South and each Class member in that amount.

37.     Pursuant to Fla. Stat. § 627.428, Boderick and the Class are entitled to recover their reasonable attorneys' fees and costs incurred in prosecuting this cause of action.

## Count II
## Class Action for Breach of Contract for Dealer Fees

38.     Boderick and the Class re-allege and incorporate by reference Paragraphs 1-33 above.

39.     The Policy constituted binding contacts between GEICO and Boderick and the other Class members. By its own terms and Florida law, to the extent the Policy's express terms regarding the adjustment and settlement of first-party motor vehicle total losses on the basis of actual cash value vary from the provisions of Fla. Stat. § 626.9743(5)(a), it is deemed reformed to conform with that statute.

40.     As explained above, by refusing to pay Boderick and the Class the dealer fees they would presumptively incur, GEICO breached the Policy.  Such breach proximately injured Boderick and each Class member in the amount of the average dealer fee in Florida.

41.     Pursuant to Fla. Stat. § 627.428, Boderick and the Class are entitled to recover their reasonable attorneys' fees and costs incurred in prosecuting this cause of action.

## REQUEST FOR RELIEF

**WHEREFORE,** Plaintiff Cleondenise Boderick and the Class respectfully request the Court to award the following relief against GEICO:

a.     Issue an order certifying that this action is properly maintainable as a class action under Rule 23(b)(1) and/or (3) and appointing Boderick to represent the Class defined herein;

  b.  Issue an order appointing the undersigned law firms as class counsel;

  c.  Grant a judgment pursuant to Count I against GEICO awarding Boderick and the other members of the Class damages for breach of contract as set forth above;

  d.  Grant a judgment pursuant to Count II against GEICO awarding Boderick and the other members of the Class damages for breach of contract as set forth above;

  e.  Grant a judgment against GEICO pursuant to any one or more of the Counts awarding Boderick and the Class their reasonable attorneys' fees and costs incurred in this action pursuant to Fla. Stat. § 627.428;

  f.  Grant a judgment pursuant to Counts I and II against GEICO awarding Boderick and the Class pre-judgment and post-judgment interest at the maximum rates permissible at law or in equity; and

  g.  Grant a judgment against GEICO awarding Boderick and the Class all such other and further relief, general or special, legal or equitable, to which they may be justly entitled.

## Demand for Jury Trial

Boderick and the Class hereby demand a trial by jury on all the issues so triable.

            Respectfully submitted,

            **CRAIG E. ROTHBURD, P.A.**

            /s/ *Craig E. Rothburd*
            CRAIG E. ROTHBURD - FBN: 0049182

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** on this **22nd day of August 2019**, I electronically filed the foregoing with the Clerk of Court by using this Court's CM/ECF system that will send a notice of electronic filing to:

*Attorney for Defendant – GEICO*

**John P. Marino -** jmarino@sgrlaw.com
**Lindsey R. Trowell -** ltrowell@sgrlaw.com
**Kristen L. Wenger -** kwenger@sgrlaw.com
SMITH GAMBRELL & RUSSELL, LLP
50 North Laura Street, Suite 2600
Jacksonville, Florida 32202
(904) 598-6100
(904) 598-6204 - Fax

**Dan R. Goldfine** - dgoldfine@lrrc.com
**Ian Fischer** - ifischer@lrrc.com
LEWIS ROCA ROTHGERBER CHRISTIE
201 East Washington Street, Suite 1200
Phoenix, Arizona 85004
(602) 262-5311
(602) 262-5747 - Fax

**Brian Blakley** - bblakely@lrrc.com
LEWIS ROCA ROTHGERBER CHRISTIE
3993 Howard Hughes Pkwy., Suite 600
Las Vegas, Nevada 89169
(702) 949-8200
(702) 949-8298 - Fax

/s/ *Craig E. Rothburd*
Craig E. Rothburd, Esquire FBN 49182
Email: crothburd@e-rlaw.com
**CRAIG E. ROTHBURD, P.A.**
320 W. Kennedy Blvd., Suite 700
Tampa, FL 33606
Telephone: (813) 251-8800
crothburd@e-rlaw.com
mropp@e-rlaw.com
CERPA File No.  6721

and

Scott R. Jeeves, Esquire FBN 0905630
**THE JEEVES LAW GROUP, P.A**.
954 First Avenue North
St. Petersburg, FL 33705
Telephone: (727) 894-2929
sjeeves@jeeveslawgroup.com
khill@jeeveslawgroup.com
lawclerk@jeeveslawgroup.com
rmandel@jeevesmandellawgroup.com

and

Casim Adam Neff, Esquire FBN 94030
**Neff Insurance Law, PLLC**
P.O. Box 15063
St. Petersburg, FL 33733-5063
Telephone: (727) 342-0617
cneff@neffinsurancelaw.com

and

Edward H. Zebersky, Esq. FBN 0908370
Mark S. Fistos, Esq. FBN 909191
**ZEBERSKY PAYNE, LLP**
110 S.E. 6th Street, Suite 210
Ft. Lauderdale, FL 33301
Telephone: (954) 989-6333
ezebersky@zpllp.com;
mfistos@zpllp.com;
 ndiaz@zpllp.com

and

Alec H. Schultz, Esq. FBN 35022
Carly A. Kligler, Esq. FBN 83990
**LEÓN COSGROVE, LLP**
255 Alhambra Circle, Suite 800
Coral Gables, FL 33134
Telephone: (305) 740-1975
ashultz@leoncosgrove.com;
ckligler@leoncosgrove.com

**ATTORNEYS FOR PLAINTIFF CLEONDENISE BODERICK AND THE CLASS**