**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

CLEONDENISE BODERICK,

      Plaintiff,                                      Case No.: 4:19-CV-00158-AW-MJF

vs.

GEICO INDEMNITY COMPANY,

      Defendant.
_____/

## **CONFIDENTIALITY ORDER**

**THE PARTIES HAVE STIPULATED AND AGREED, AND THE COURT THEREFORE ORDERS THAT:**

1.      Subject to this Order, any party or any non-party to this action who produces documents or information in this action ("Producing Party") shall have the right to designate as "Confidential Material" any information, document, or thing, or portion of any document or thing: (a) that contains trade secrets, competitively sensitive technical, marketing, financial, sales or other confidential business information, or (b) that contains private or confidential personal information, or (c) that contains information received in confidence from third parties, or (d) which the producing party otherwise believes in good faith to be entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure. Any Producing Party who produces or discloses any Confidential Material, including without limitation any information, document, thing, interrogatory

answer, admission, pleading, or testimony, shall mark the same with the following or a similar legend[1]:

    a.    "CONFIDENTIAL" or "CONFIDENTIAL – SUBJECT TO DISCOVERY CONFIDENTIALITY ORDER" if it meets the requirements of Paragraph 1;

    b.    "HIGHLY CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – SUBJECT TO DISCOVERY CONFIDENTIALITY ORDER" if good cause exists to permit disclosure of the Confidential Material only to the attorneys for the parties (including in-house counsel), their experts, and the Court, and not to any other person or entity, including the parties themselves; or

    c.    "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY" or "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY – SUBJECT TO DISCOVERY CONFIDENTIALITY ORDER" if good cause exists to permit disclosure of the Confidential Material only to the attorneys for the parties, their experts, and the Court, and not to any other person or entity, including the parties and in-house counsel.

Before marking documents as confidential, a Producing Party must consider whether categories of information and documents qualify for a confidential designation.

    2.    "Confidential Material," as that term is used in this Confidentially Order, means data, documents, electronically stored information, discovery responses, testimony, and all other material or information, whether in paper, electronic, digital, or

---

[1] If the Confidential Material is produced on an electronic, digital, or magnetic medium, the confidentiality designation shall be made, to the extent physically possible, on the medium itself (such as a label attached to a disk), on the sleeve, envelope, box, or other container of the medium, and within the medium itself in a manner that immediately and consistently informs the persons who access the medium that they have accessed Confidential Material.

other format, that is produced or supplied by any Producing Party in this action and identified as indicated in paragraph 1 above, as well as: (1) any information copied or extracted from Confidential Material; (2) all copies, excerpts, summaries, translations, or compilations of Confidential Material; and (3) any oral, written, or electronic communications, testimony or presentations, including for purposes of settlement, by Producing Parties or their Counsel that might reveal Confidential Material.

3. Confidential Material shall be used only for the prosecution or defense of this action, including discovery, trial and/or hearings and preparation for same, and for no other purpose, except as may be required by law. Confidential Material shall not be used in the prosecution or defense of matters other than this action and shall not be provided to any third parties, except under the terms and conditions set forth in this Order.

4.1. Absent written consent of the Producing Party, Confidential Material marked as "CONFIDENTIAL" or "CONFIDENTIAL – SUBJECT TO DISCOVERY CONFIDENTIALITY ORDER" shall not be revealed or disclosed except to:

a. The Court, its employees and necessary clerical support staff, and any appellate court or other court assuming jurisdiction over this action;

b. Counsel of record in this action, other attorneys employed by their firms, and necessary clerical and support staff employed by counsel of record (who shall not be required to execute the Confidentiality Acknowledgment and Affirmation, annexed as Exhibit "A" but all of whom shall, nevertheless, be bound by this Confidentiality Agreement);

c. The Parties and any employees, former employees or agents of the Parties or their corporate affiliates, provided that, before disclosure of the Confidential Material to any former employees or agents, such former employees or agents shall execute a Confidentiality Acknowledgement and Affirmation in the form annexed as "Exhibit A", which shall be provided to and maintained by counsel for the Producing Party;

d. Persons consulted or retained for the purpose of providing technical services in connection with discovery or preparation for trial of this action, provided that, before disclosure of the Confidential Material to said persons, each shall execute a Confidentiality Acknowledgement and Affirmation in the form annexed as "Exhibit A", which shall be maintained by counsel for the party using such persons;

e. Persons consulted or retained for the purpose of providing expert or consulting services or for the purpose of offering expert testimony at the trial and/or hearings in this action, provided that, before disclosure of the Confidential Material to said persons, each shall execute a Confidentiality Acknowledgement and Affirmation in the form annexed as "Exhibit A", which shall be maintained by counsel for the party using such persons;

f. Stenographic reporters and videographers (and their staff) involved in depositions or other proceedings in this action; and

g. The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

4.2. Absent written consent of the Producing Party, Confidential Material marked as "HIGHLY CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – SUBJECT TO DISCOVERY CONFIDENTIALITY ORDER" shall not be revealed or disclosed except to:

    a. Persons indicated in paragraphs 4.1 a, b, and d-g; and

    b. In house counsel for the Parties.

4.3. Absent written consent of the Producing Party, Confidential Material marked as "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY" or "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY – SUBJECT TO DISCOVERY CONFIDENTIALITY ORDER" shall not be revealed or disclosed except to:

    a. Persons indicated paragraphs 4.1 a, b, and d-g.

5. Persons entitled to access to Confidential Material shall not disclose such Confidential Material to any person or entity other than those entitled to access as provided in this Confidentiality Order. A person or an entity not entitled to access to Confidential Material can or will be provided disclosure thereof upon agreement of the Producing Party or if either Party demonstrates to the Court that there is a sufficient and reasonable basis and necessity for such disclosure of specific Confidential Material but, otherwise, no person or entity other than those designated in this Confidentiality Order shall have access to the Confidential Material. If the Court determines that a person or an entity not entitled to access to Confidential Material pursuant to this Confidentiality Order has a sufficient and reasonable basis and necessity for disclosure, then that person or entity shall execute a Confidentiality Acknowledgement and Affirmation in the form

annexed as "Exhibit A", copies of which shall be provided to and maintained by counsel for all Parties. Notwithstanding the foregoing, nothing in this Confidentiality Order shall restrict any Producing Party or person or entity from use of his, her, or its own Confidential Material for any purpose.

      6.1. If Confidential Material is used and disclosed at a deposition, any person or entity, its officers, employees and agents not entitled to Confidential Material shall be precluded from attending that portion of the deposition in which Confidential Material shall be used and disclosed. In addition, the portion of the deposition transcript containing the Confidential Material shall not be disclosed to any person or entity, its officers, employees or agents not entitled to access to said Confidential Material.

      6.2. If a Party intends to use and disclose any Confidential Material at a hearing or other court proceeding, the Party intending to use and disclose such Confidential Material must give the Producing Party reasonable notice of the intent to use the Confidential Material, of not less than five (5) business days, so that the Producing Party may move the Court to seal that portion of the hearing or other court proceeding in which Confidential Material shall be used and disclosed. This paragraph does not preclude a Producing Party from making an oral motion at a hearing or other court proceeding to seal the hearing or other proceeding for any portion in which Confidential Material will be used and disclosed.

      7. Transcripts of depositions, and exhibits thereto, shall, in their entirety, be treated as HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY for a period of 21 days after such transcripts are actually received by counsel for each of the parties.

During that 21-day period, portions of deposition transcripts, and exhibits thereto, may be designated as Confidential Material pursuant to the terms of this Confidentiality Order by notifying all counsel in this action, and the Producing Party if not a Party in this action, in writing.  If the Producing Party of the Confidential Material at issue is not a party to the lawsuit or otherwise in attendance at the deposition where the Confidential Material was discussed, the Party taking the deposition shall provide a copy of the transcript to the Producing Party, and the Producing Party shall have 21 days from the receipt of the transcript to designate portions of the transcript as Confidential Material.  Portions of testimony taken during depositions may also be designated Confidential, Highly Confidential, or Highly Confidential – Attorney Eyes Only by counsel so stating on the record during the deposition if stated with sufficient specificity to allow identification of exactly when such testimony begins and ends, and in such event, no further action need be taken to preserve the confidentiality of that portion (or portions) of the transcript. Portions of the deposition record reflecting such Confidential Material shall be stamped with the appropriate designation and access thereto shall be limited pursuant to the terms of this Confidentiality Order.

  8. This Confidentiality Order shall in no way affect or impair the right of any party or person or entity, its officers, employees or agents, to raise or assert any defense or objection, including, but not limited to, defenses or objections to the discovery or production of data, documents, and information, and to the use, relevancy or admissibility at trial or at any hearing of any evidence.  A party that intends to present or anticipates that another party may present Confidential Material at trial shall bring that issue to the

Court's and parties' attention by motion reasonably in advance of trial without disclosing the Confidential Material. The Court may thereafter make such orders as are necessary to govern the use of such documents, material, or information at trial.

9. If any Party disagrees with the designation for certain data, documents, or information, that Party may object to the designation. Failure to object to the designation shall not preclude a subsequent objection to it. Any Party who wishes to object to the designation shall serve written objections (including a statement of the legal or factual basis for the objection) on the Producing Party and all other counsel of record and request a conference to resolve the matter. The objecting Party and the Producing Party shall make a good faith effort to resolve the dispute. If the dispute cannot be resolved, upon prior notice to all Parties, either the objecting Party or the Producing Party may apply to the Court for a determination as to whether the designation is proper. The Producing Party shall have the burden of proving the propriety of the designation and of persuading the Court on the propriety of the designation. For disputes concerning the designations made to Confidential Material produced by non-party Producing Parties, upon prior notice to all Parties, either the objecting Party or the non-party Producing Party may apply to the appropriate compliance court under Rule 45 for determination as to whether the designation is proper. The non-party Producing Party shall have the burden of proving the propriety of the designation and of persuading the court on the propriety of the designation. Pending a ruling by the Court or compliance court on the motion, the terms of this Confidentiality Order shall remain in effect for the Confidential Material

that is the subject of said motion, consistent with the designation made by the Producing Party.

10. If a party (the "Filing Party") intends that Confidential Material produced by another party or a non-party will be attached to an affidavit, declaration, or pleading or otherwise filed with the Court, including quoting, reproducing, or otherwise reflecting Confidential Material within the text of such filing, the following procedures shall be followed:

    a. The Filing Party shall, no later than ten days before the date of filing (the "Filing Date"), notify the Producing Party of its intent and provide the Producing Party with sufficient information to identify those documents, to include the bates numbers of the documents sought to be filed (the "Notice of Intent to File Confidential Material").

    b. Within ten days of receiving the Notice of Intent to File Confidential Material, the Producing Party shall electronically file a Motion to Seal the Confidential Material identified in the Notice of Intent to File Confidential Material that complies with N.D. Fla. L.R. 5.5. Upon the entry of an order ruling upon a Motion to Seal: (i) if the motion is granted, the Filing Party shall file unredacted versions of the Confidential Material with the Court under seal pursuant to N.D. Fla. L.R. 5.5; or (ii) if the motion is denied, the Filing Party shall electronically file unredacted versions of the Confidential Material. If the Motion to Seal has not been ruled upon as of the Filing Date, the Filing Party shall submit the Confidential Material for filing under seal pursuant to N.D. Fla. L.R. 5.5(C).

c. On the Filing Date, the Filing Party shall identify any attachments containing Confidential Material that were the subject of the Notice of Intent to File Under Seal and are filed under seal by publicly filing slip sheets indicating that the documents are the subject of a Motion to Seal filed by the Producing Party. The Filing Party shall also electronically file a public version of the pleading or brief filed under seal with the portions of the pleading or brief that quote, reproduce, or otherwise reflect Confidential Material redacted therefrom.

11. The parties agree that no party shall file a document under seal without complying with N.D. Fla. L.R. 5.5. For any filing required to be made on or before a certain date, the filing shall be deemed timely provided the steps provided for in Paragraph 10, above, are taken, as applicable.

12. The provisions of this Confidentiality Order shall not terminate at the conclusion of this action. Within the later of 60 days of the conclusion of the trial and of any appeals, other termination of this litigation, or the conclusion of any settlement, all Confidential Material not received in evidence, contained in unsealed pleadings filed with the Court shall be destroyed or returned to the Producing Party. Following the expiration of this 60 day period, upon request of the Producing Party, any Party to whom Confidential Material was produced must submit a written certification to the Producing Party that: (1) states that commercially reasonable efforts have been made to assure that all Confidential Material has been returned or destroyed; and (2) affirms that the Party has not retained any originals, copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Confidential Material.

13. This Confidentiality Order shall remain in effect until modified, superseded or terminated by written consent of the Parties hereto or by court order.

14. If a Producing Party inadvertently fails to stamp certain documents as Confidential Material upon their production, it may, at any time, designate such documents as Confidential Material. In that event, at the request of the Producing Party, and upon receipt of the new documents subsequently designated and properly marked as Confidential Material, the receiving Party shall either destroy or return the original documents inadvertently not designated as Confidential Material to the Producing Party. The receiving Party shall not be held liable or responsible for any disclosure prior to the subsequent designation of the documents as Confidential Material.

15. If any Party or person that has obtained Confidential Material under the terms of this Confidentiality Order receives a subpoena or other legal process commanding the production of any such documents or information, such Party or person shall within 5 business days notify counsel for the Producing Party or the Party that designated the information or documents as Confidential Material of the service of the subpoena. The Party or person receiving the subpoena shall not produce any Confidential Material in response to the subpoena without either the prior written consent of the Producing Party or an order of a court of competent jurisdiction. However, the subpoena recipient shall not have any obligation to defend the appropriateness or validity of the designation of the requested materials as Confidential Material under this Confidentiality Order or to negotiate the terms of production under

a protective order in another matter. The Producing Party in such action shall have the burden of defending the designation and of seeking a court order relieving the subpoenaed Party or person of the obligations of the subpoena prior to the return date of such subpoena, or the subpoenaed Party or person shall be relieved of its obligations under this Paragraph.

16. Nothing in this Order shall prohibit parties or their counsel from transmitting Confidential Material through the mail, by other common carrier, or by non-public telephonic transmission, including directed internet (*i.e.*, non-broadcast e-mail), so long as the transmission is for purposes of this litigation. However, under no circumstances may Confidential Material be posted on a publicly available internet web site, except if such website provides means that are employed to limit its dissemination only to such persons permitted to receive the Confidential Material identified in Paragraphs 4.1 through 4.3 (*e.g.*, password protected DropBox).

17. Confidential Material shall not lose its protected status through disclosure, either intentionally or inadvertently, by a Producing Party or the party who received the Confidential Material. In the event of such a disclosure, the parties shall take all steps reasonably required to assure the continued confidentiality of the Confidential Material.

18. The protections of this Order shall not apply to Confidential Material that, prior to disclosure in this action, was within the actual possession or knowledge of a receiving Party or was publicly available, provided that the Confidential Material did not become public knowledge through an act or omission of a receiving Party.

19. This Order shall not prevent any party from applying to the Court for further or additional protective orders, or from agreeing with the other parties to modify this Order, subject to the approval of the Court, including, but not limited to, such other or further protection as may be required at trial or in connection with any public hearings in this matter.

20. This Order shall not preclude any party from enforcing its rights against any other party, or any non-party, believed to be violating its rights under this Order.

21. In addition to such other remedies as may be available at law or in equity, violation of the terms of this Order may constitute a contempt of this Court, which may result in the imposition of sanctions, including, *inter alia*, an award of damages, costs, attorneys' fees and/or fines.

SO ORDERED on September 9, 2019.

*s/ Allen Winsor*
United States District Judge

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

| | |
|---|---|
| /s/ John P. Marino<br>John P. Marino (FBN:814539)<br>Lindsey R. Trowell (FBN:678783)<br>Kristen L. Wenger (FBN:92136)<br>**SMITH, GAMBRELL & RUSSELL, LLP**<br>50 North Laura Street, Suite 2600<br>Jacksonville, Florida 32202<br>Telephone: (904) 598-6100<br>Facsimile: (904) 598-6204<br>jmarino@sgrlaw.com<br>ltrowell@sgrlaw.com<br>kwenger@sgrlaw.com<br><br><br>Dan R. Goldfine (ABN: 018788)<br>Ian Fischer (ABN: 026239)<br>(*pro hac vice*)<br>**HUSCH BLACKWELL LLP**<br>5060 North 40th Street, Suite 250<br>Phoenix, AZ 85018<br>Telephone: 480.824.7900<br>Facsimile: 480.824.7905<br>dan.goldfine@huschblackwell.com<br>ian.fischer@huschblackwell.com<br><br>*Counsel for Defendant* | /s/ Craig E. Rothburd<br>Scott R. Jeeves (FBN 0905630)<br>**THE JEEVES LAW GROUP, P.A.**<br>954 First Avenue North<br>St. Petersburg, FL 33705<br>Telephone: (727) 894-2929<br>sjeeves@jeeveslawgroup.com<br><br>Casim Adam Neff (FBN 94030)<br>**Neff Insurance Law, PLLC**<br>P.O. Box 15063<br>St. Petersburg, FL 33733-5063<br>Telephone: (727) 342-0617<br>cneff@neffinsurancelaw.com<br><br>Craig E. Rothburd (FBN 49182)<br>**CRAIG E. ROTHBURD, P.A.**<br>320 W. Kennedy Blvd., Suite 700<br>Tampa, FL 33606<br>Telephone: (813) 251-8800<br>crothburd@e-rlaw.com<br><br>**John Randall Whaley** (LAN 25930)<br>*(pro hac vice)*<br>**WHALEY LAW FIRM**<br>3112 Valley Creek Drive, Suite D<br>Baton Rouge, LA 70808<br>Tel: 225-302-8810<br>Fax: 225-302-8814<br>jrwhaley@whaleylaw.com<br><br>Edward H. Zebersky (FBN 0908370)<br>Mark S. Fistos (FBN 909191)<br>**ZIBERSKY PAYNE, LLP**<br>110 Southeast 6th Street, Suite 2150<br>Ft. Lauderdale, FL 33301<br>Telephone: (954) 989-6333<br>Fax: (954) 989-7781<br>ezebersky@zpllp.com<br>mfistos@zpllp.com<br><br>Alec H. Schultz (FBN 35022) |

Carly A. Kligler (FBN 83990)
**LEON COSGROVE, LLP**
255 Albambra Circle, Suite 800
Miami, FL 33134
Telephone: (305) 740-1975
Fax: (305) 437-8158
aschultz@leoncosgrove.com
ckligler@leoncosgrove.com

*Counsel for Plaintiff*

**CONFIDENTIALITY ACKNOWLEDGEMENT AND AFFIRMATION**

I acknowledge that I have read and understand the Confidentiality Order governing the confidentiality of data, documents, and information, which was entered into by and among Cleondenise Boderick and GEICO Indemnity Company on _____, 2019, and entered as an Order of the Court on _____, 2019, in the matter of **Cleondenise Boderick v. GEICO Indemnity Company, Case No.:** 4:19-CV-00158-MW-MJF in the **U.S. District Court for the Northern District of Florida**. I qualify under its provisions as a person who may have access to data, documents, and information deemed Confidential, Highly Confidential, or Highly Confidential – Attorney Eyes Only under the Confidentiality Order. I will abide by the terms and provisions set forth in the Confidentiality Order and subject myself to the personal jurisdiction of this Court to enforce its terms.

Date:

Signature:

Name:

**EXHIBIT A**